Dear Ms Alcock:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
On behalf of the Terrebonne Parish Council, you request an Attorney General's opinion regarding the ability of the Terrebonne Parish Consolidated Government to place zoning and land use regulations/codes on the ballot for a vote of the electorate in a binding referendum. However, the restrictions/codes would only be placed on ballots in those districts/precincts impacted by the proposed regulations and not in unaffected districts/precincts.
You specifically seek an opinion on the following:
 (1) In light of LSA-R.S. 18:1299, do the general powers and/or special powers contained in the home rule charter provide sufficient authority to allow the placement of any issue before the electorate if the council, by majority vote, so chooses?
 (2) Assuming a binding election can take place, does the implementation of zoning regulations, conditioned upon a favorable vote of the electorate, constitute a constitutional delegation of legislative power?
Since we do not have full access to Terrebonne Parish's Home Rule Charter, this opinion is based only on the portions you have provided.
Section 2-11(a)(16) requires that any adoption or modification of the zoning plan, maps and regulations requires an act by ordinance of the Parish Council. By its own charter, the Terrebonne Parish Council is empowered to regulate zoning within its jurisdiction. Atty. Gen. Op. No. 97-95. LSA-R.S. 33:4780.50
explicitly defers to this authority. Therefore, the Terrebonne Parish Council may adopt zoning procedures which differ from those established in LSA-R.S. 33:4780.50 et seq.
In order for an ordinance to be passed, Section 2-11(c) requires a favorable vote by at least a majority of the authorized members of the council. There is no requirement that the ordinance be placed on the ballot before the electorate. In fact, LSA-R.S. 18:1299 specifically states that a proposition or question cannot be placed on the ballot unless it is "authorized by the state constitution, by a statute of this state, or by a home rule charter.[1]
Your Home Rule Charter does, however, provide for the placement of an ordinance election on the ballot if the all the prerequisites set forth in Sec. 6-01 are successfully completed. This specifically empowers "electors of the parish" with the authority to propose ballot initiatives through a petition process and to allow the electors to vote on the question if the council refuses action.
Of course, this is completely contrary to your specific request of whether the council has authority to place an initiative before the electorate, if the council chooses to do so by majority vote.
We are unable to find the requisite authorization that will allow the council to place the zoning ordinance on a ballot. We therefore restate what was previously opined in Attorney General Opinion 97-95, that the Terrebonne Parish Home Rule Charter does not authorize the submission of this issue to the voters by the council and that such an election cannot be conducted.
However, according to Terrebonne Parish Home Rule Charter Sections 2-11(a)(17) and 2-11(a)(18), the council may repeal or amend ordinances that have been previously adopted or propose new amendments to its Home Rule Charter to provide for such a proposition.
We hope this opinion adequately responds to your request. If we can be of further assistance to you, please do not hesitate to contact our office.
 Respectfully submitted,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:________________________
 WILLIAM P. BRYAN, III,
 Assistant Attorney General
 CCF, Jr./WPB, III
[1] See also La. Atty Gen. Op. No. 88-439; St. John the Baptist ParishAss'n v. Brown, 465 So. 2d 674, 675 (La. 1985).